IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SGRIGNOLI, :
Plaintiff
:
vs. : CIVIL NO. 1:CV-08-0607
:
SCHNEIDER TRAINING ACADEMY, INC.,
SCHNEIDER NATIONAL, INC., :
Defendants

*M E M O R A N D U M*

Plaintiff, Michael Sgrignoli, filed this action making claims under Title I of the Americans with Disabilities Act (“ADA”), 42 U.S.C. §§ 12101-12117, and the Pennsylvania Human Relations Act (“PHRA”), 43 P.S. §§ 951-963 (Purdon & Purdon Supp. 2008-09). He alleges that defendants, Schneider Training Academy, Inc. and Schneider National, Inc., discharged him from his conditional employment as a tractor-trailer driver because they regarded him as disabled by cerebral palsy. Plaintiff also brings a breach-of-contract claim based on the agreement he signed for the training he received which imposed certain payment obligations on him.

We are considering the defendants’ motion for summary judgment.[1] After careful review of the record we conclude that summary judgment is not warranted. Since we will deny summary

---

[1] Plaintiff filed a cross-motion for summary judgment, but that motion was untimely, and we will therefore deny it on that basis.

judgment, we need not address the motion in detail. However, we will address more fully the argument that Schneider National, Inc. is not a proper defendant on the ADA or PHRA claims.

Schneider National, Inc. is the parent company of Schneider Training Academy, Inc., and Schneider National Carriers, Inc. The latter companies are wholly owned subsidiaries of Schneider National, Inc. Schneider Training operates a tractor-trailer driving course and trains students to become tractor-trailer drivers. Students completing the course go to work for Schneider Carriers.

The defendants argue that Schneider National, Inc. is entitled to summary judgment because Plaintiff cannot show that his dealings were with the parent company, citing the "integrated enterprise" test from *Martin v. Safeguard Scientifics, Inc.*, 17 F. Supp. 2d 357, 363 (E.D. Pa. 1998). In our view, however, we should look to the Third Circuit's later decision in *Nesbit v. Gears Unlimited*, 347 F.3d 72 (3d Cir. 2003).[2] In that Title VII case, the court said there were three situations where a company can be liable in an employment-

[2] *Nesbit* arose in the context of a defendant company challenging whether it had the necessary fifteen employees for Title VII to apply. Some courts have therefore questioned whether it applies outside that context. *See Daniel v. City of Harrisburg*, No. 05-2126, 2006 WL 543044, at *3 (M.D. Pa. Mar. 6, 2006)(Kane, J.); *Joseph v. Access Data Corp.*, No. 07-260, 2007 WL 4248520, at *3 (W.D. Pa. Dec. 1, 2007). However, we believe it does apply beyond the employee-number issue. *See Crosby v. UPMC*, No. 07-501, 2009 WL 735868, at *9 (W.D. Pa. Mar. 20, 2009); *Whelan v. Teledyne Metalworkers Products*, No 01-1316, 2005 WL 2240078, at *12 (W.D. Pa. Sept. 14, 2005)(applying *Nesbit* to an ADA case when there was no employee number at issue).

discrimination case, one of which was "when a parent company has directed the subsidiary's discriminatory act." *Id.* at 85.[3] In our case, Laura Krooss Wiley, the head of training at Schneider Training, testified that she contacted the Occupational Health Department at Schneider National, Inc. after Plaintiff was tested on December 21, 2005, and they advised her that Plaintiff did not meet the guidelines that were part of the functional job description for a van driver. Based on that information, she released Plaintiff. Since this evidence indicates that the Schneider National, Inc. employee did not direct the alleged discriminatory act, this factor does not establish that Schneider National, Inc. is a proper defendant on the ADA claim. Since Plaintiff makes no attempt to show substantive consolidation would be proper, the only other circumstance applicable here, we will enter judgment in favor of Schneider National, Inc. on the ADA claim.

However, Schneider National, Inc. will remain as a defendant on the PHRA claim. The PHRA provides for aiding and abetting liability, which fits the conduct of the Schneider National, Inc. employee here. 43 Pa. C.S. § 955(e) forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of

[3] The other two situations are "where a company has split itself into entities with less than fifteen employees with the intent to evade Title VII's reach," *id.*, and when companies can be substantively consolidated if the case was one in bankruptcy. *Id.* at 86.

any act declared by this section to be an unlawful discriminatory practice . . . .”

We will issue an appropriate order.[4]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 21, 2009

[4] Because Plaintiff agrees he has no contract claim, we will enter judgment in Defendant’s favor on that claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SGRIGNOLI, :
Plaintiff
:
vs. : CIVIL NO. 1:CV-08-0607
:
SCHNEIDER TRAINING ACADEMY, INC.,
SCHNEIDER NATIONAL, INC., :
Defendants

*O R D E R*

AND NOW, this 21st day of April, 2009, it is ordered that:

1. Defendants' motion (doc. 20) for summary judgment is denied except for the following.

2. The Clerk of Court shall enter judgment in favor of defendant Schneider National, Inc. and against Plaintiff on Count II, the ADA claim.

3. The Clerk of Court shall enter judgment in favor of the defendants and against Plaintiff on Count III, the breach-of-contract claim.

4. Plaintiff's cross-motion (doc. 27) for partial summary judgment is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge